UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LORRIE HAMILTON | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| REPUBLIC AIRWAYS HOLDINGS d/b/a REPUBLIC AIRLINES, | ) 1 : 12 -cv- 1 6 1 4 SEB -DKL |
| | ) |
| Defendant. | ) |

FILED
NOV 05 2012
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. Plaintiff Lorrie Hamilton ("Hamilton"), brings this action against Defendant Republic Airways Holdings d/b/a Republic Airlines ("Republic"), pursuant to the Americans with Disabilities Act of 1990, as amended (hereinafter "ADA"), 42 U.S.C. § 12101 *et seq.* and the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. Section 2601 *et seq.*

### II. PARTIES, JURISDICTION AND VENUE

2. At all times relevant to this action, Hamilton resided within the Southern District of Indiana.

3. At all times relevant to this action, Republic maintained offices and conducted business within the Southern District of Indiana.

4. This Court has jurisdiction over the subject matter of this complaint pursuant to 42 U.S.C. § 12117 and 29 U.S.C. Section 2617(a)(2).

5. At all times relevant to this action, Hamilton was an "employee" as that term is defined by 42 U.S.C. § 12111(4) and an "eligible employee" as defined by 29 U.S.C. Section

2611(2).

6. Republic is an "employer" as that term is defined 42 U.S.C. § 12111(5)(A) and 29U.S.C. Section 2611(4).

7. Hamilton is a qualified individual with a disability as defined by the ADA, 42 U.S.C. §§ 12102(2) and 12111(8). Republic knew of said disability and/or regarded Hamilton as being disabled.

8. Hamilton satisfied her obligation to exhaust her administrative remedies having timely filed U.S. Equal Employment Opportunity Commission Charge No. 470-2012-01863 against Republic alleging discrimination based on disability. Hamilton received her Dismissal and Notice of Rights and timely files this action.

9. All of the events, transactions, and occurrences pertinent to this lawsuit have occurred within the geographical environs of the Southern District of Indiana and all parties are located therein. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### III. FACTUAL ALLEGATIONS

10. Hamilton began her employment with Republic on July 1, 2010, as a Flight Attendant. At all times relevant to this action, Hamilton's job performance met or exceeded Republic's legitimate expectations.

11. Hamilton suffers from a disability, as that term is defined in the ADA, in that she suffers from severe and chronic migraines that substantially limit one or more major life activities, that is, the operation of her neurological system.

12. On January 9, 2012, Hamilton was assigned to work Republic's Flight 3294 from Indianapolis International Airport ("IND") to Washington Reagan National Airport ("DCA"),

returning to IND on Flight 3295.

13. Although Flight 3294 was scheduled to arrive at DCA at 8:15 p.m., it did not actually arrive until 9:05 p.m., which was actually the scheduled departure time for the return, Flight 3295. Flight 3295 was scheduled to arrive back at IND at 10:53 p.m.

14. Due to mechanical/equipment safety concerns, Flight 3295 was initially held at the gate for a considerable period of time, and was ultimately cancelled at approximately 10:00 p.m. Eventually, the pilot and first officer were instructed to "deadhead" the plane to IND. Hamilton and fellow Flight Attendant Mary Allen ("Allen") were not allowed to return on the flight, however.

15. Hamilton and Allen were responsible for deplaning the passengers during the hold, as well as dealing with the passengers following the cancellation. The stress of dealing with disgruntled passengers triggered Hamilton's migraine.

16. Some ten or fifteen minutes before Flight 3295 was finally cancelled, Hamilton was contacted by her scheduler and instructed to report to Piedmont Triad Airport ("GSO"), in Greensboro, North Carolina for a flight the following day.

17. The scheduler did not inform Hamilton of the flight number, departure time or any other information concerning the new flight, nor did the scheduler advise Hamilton when and via what means she was to report to GSO. At the time, however, there were no further flights from DCA to GSO, and Ms. Hamilton was required to spend the night in Washington.

18. Hamilton was without the medication she requires when she suffers a migraine. Instead, Hamilton requested that she be excused from the GSO flight, and be allowed to return to IND on the deadhead flight.

19. When her request was denied, Hamilton informed Republic that, while she was not refusing the GSO flight, she would be taking one day of intermittent FMLA leave the following day due to her migraine.

20. Hamilton had been approved for intermittent FMLA leave because of her migraines on December 22, 2011, eleven days earlier. This was the first time Hamilton attempted to make use of her FMLA leave.

21. Upon her return to IND, Hamilton was instructed to participate in a conference call on January 13, 2012 concerning her alleged "refusal" to work the GSO trip.

22. During the conference call, Republic terminated Hamilton, allegedly for "refusing a trip" and "attempting to abuse [her] FMLA leave."

## IV. CAUSES OF ACTION

### COUNT I: VIOLATION OF THE ADA

23. Hamilton hereby incorporates paragraphs one (1) through ) of her Complaint.

24. Republic's stated reason for terminating Hamilton is a pretext for illegally discriminating against Hamilton on the basis of her disability (migraines) and/or because Republic perceived Hamilton as disabled, in violation of the ADA.

25. Republic's actions were intentional, willful, and done in reckless disregard of Hamilton's legal rights and, therefore, Republic acted in bad faith.

26. Hamilton has suffered damages as a result of Republic's unlawful actions.

### COUNT II: VIOLATION OF THE FMLA

27. Hamilton hereby incorporates paragraphs one (1) through ) of her Complaint.

28. Republic unlawfully discriminated and retaliated against Hamilton in violation of

the FMLA.

29. Republic unlawfully interfered with Hamilton's exercise and/or attempt to exercise her rights under the FMLA by terminating Hamilton when she attempted to use the leave for which she had already been approved.

30. Republic's actions were intentional, willful and done in reckless disregard of Hamilton's legal rights and, therefore, Republic acted in bad faith.

31. Hamilton has suffered damages as a result of Republic's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Lorrie Hamilton, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. Order Republic to reinstate Hamilton or pay to Hamilton front pay in lieu thereof;

2. Order Republic to pay to Hamilton all wages, benefits, compensation, and other monetary loss suffered as a result of Republic's unlawful actions;

3. Order Republic to pay to Hamilton compensatory damages for its violation of the ADA;

4. Order Republic to pay to Hamilton liquidated damages for its willful violation of the FMLA and ADA;

5. Order Republic to pay to Hamilton all costs and attorneys' fees incurred as a result of bringing this action;

7. Order Defendants to pay to Funk pre- and post-judgment interest on all sums recoverable; and

8. Award Hamilton all other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

Jay Meisenhelder, Atty. No. 19996-49
Employment & Civil Rights Legal Services
8206 Rockville Road, Box 322
Indianapolis, IN 46214
Office Telephone:    317/704-2414
Direct Telephone:    317/495-3222
Facsimile Number:    317/704-2410
Email Address:       jaym@ecrls.com

Attorney for Lorrie Hamilton